IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

RUBEN O. CONTRERAS, SR.                                              PETITIONER

v.                           NO. 2:09CV00131 HDY

T.C. OUTLAW, Warden, FCI                                             RESPONDENT
Forrest City, Arkansas

MEMORANDUM OPINION AND ORDER

BACKGROUND. In May of 1998, petitioner Ruben O. Contreras, Sr., ("Contreras") was charged in the United States District Court for the Northern District of Texas with several drug offenses. In March of 1999, he pleaded guilty to a superseding information charging him with conspiracy to import marijuana. With regard to his plea, the United States Court of Appeals for the Fifth Circuit ("Court of Appeals") found the following:

> Pursuant to a written plea agreement, Contreras pleaded guilty to conspiring, from in and about June 1995, and continuing to March 1999, to import marijuana into the United States. Contreras admitted in writing in his plea agreement and under oath at his rearraignment hearing that the factual resume for the case, which adopted the July 1995, through March 1999, conspiracy dates, was correct. Contreras [did] not dispute the factual finding made in the PSR and adopted by the district court that he was under a criminal justice sentence of probation from June 24, 1997, through June 23, 1998. Thus, Contreras … admitted that he conspired to import marijuana during the June 24, 1997, to June 23, 1998, period of his probation. …

See United States v. Contreras, 2000 WL 122429 at 1 (5th Cir. 2000). In May of 1999, Contreras was sentenced to 235 months in the custody of the Federal Bureau of Prisons.

Contreras appealed the sentence. On appeal, he maintained that his criminal history was erroneously calculated because the Government failed to prove that he "committed any criminal acts while under a criminal justice sentence." See Id. The Court of Appeals found, however, that the trial court judge did not err in calculating Contreras' criminal history, specifically, that the trial court judge could and did properly find that Conreras committed the offense charged in the superseding information while serving a criminal justice sentence of probation. Accordingly, the Court of Appeals found no reversible error and affirmed his sentence in January of 2000.

In March of 2008, Contreras filed a trial court motion to modify his sentence pursuant to 18 U.S.C. 3582(c). The Court of Appeals summarized his position in the motion as follows:

> Contreras argue[d] that he is entitled to have his sentence reduced pursuant to Amendment 709, which clarified which misdemeanor and petty offenses are counted in determining the defendant's criminal history points under U.S.S.G. 4A1.2(c)(1). He argue[d] that the application of the amendment would lower his sentencing guidelines range and that the district court should reconsider his advisory sentencing guidelines range in light of United States v. Booker, 543 U.S. 220 (2005), and the 18 U.S.C. 3553(a) factors. Contreras contend[ed] that the amendment should be applied retroactively pursuant to 1B1.10(c).

See United States v. Contreras, 2008 WL 5068621 at 1 (5th Cir. 2008). The trial court judge disagreed and denied the motion.

Contreras appealed the denial of his motion to modify his sentence and again maintained that he should be re-sentenced. The Court of Appeals found no reversible error, finding the following:

> Pursuant to 3582(c)(2), a defendant may have his sentence modified if he was sentenced to a term of imprisonment based upon a sentencing range that subsequently was lowered by the Sentencing Commission. 3582(c)(2). Section 3582(c)(2) applies only to retroactive guidelines amendments, as set forth in the guidelines policy statement. See 1B1.10(a); United States v. Shaw, 30 F.3d 26, 28-29 (5th Cir.1994). The Sentencing Commission has stated in 1B1.10(a) that unless an amendment is listed in 1B1.10(c), a reduction based on the amendment under 3582(c) is not consistent with the policy statement of 1B1.10. See 1B1.10, comment. (n.1(A)). Amendment 709 is not listed as an amendment covered by the policy statement in 1B1.10(c). See 1B1.10(c) (May 2008). Therefore, under the plain language of 3582(c), the district court correctly denied Contreras's motion.
>
> Insofar as Contreras argues that he is entitled to a reduction of his sentence because Amendment 709 is a clarifying amendment, this court has held that, except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in 1B1.10(c). See United States v. Drath, 89 F.3d 216, 217-18 (5th Cir .1996).

See Id. For the foregoing reasons, the Court of Appeals affirmed the denial of Contreras' motion to modify his sentence.

<u>THE PROCEEDING AT BAR</u>. In September of 2009, Contreras commenced the proceeding at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2241. In an accompanying brief, he maintained that his sentence should be reduced because of the changes brought about by Amendment 709 to the United States Sentencing Guidelines ("Sentencing Guidelines") and <u>United States v. Booker</u>, 543 U.S. 220 (2005). He readily acknowledged that a motion pursuant to 28 U.S.C. 2255 is the usual procedure by which to challenge the legality of a sentence but that such a procedure was now inadequate or ineffective, thereby justifying his use of a petition pursuant to 28 U.S.C. 2241.

Outlaw subsequently filed an answer to Contreras' petition. In the answer, Outlaw maintained the following:

> In the [section] 2241 Petition now pending before this court, petitioner seeks to raise the same issue raised before the sentencing court and the Fifth Circuit Court of Appeals. As petitioner candidly admits that the issue he raises is a sentencing issue, the sentencing court was the proper venue for petitioner to present this issue. Petitioner did so and lost. Petitioner appealed the sentencing court's decision to the Fifth Circuit Court of Appeals and lost again. Petitioner now attempts to revive this issue before this court. Petitioner's [section] 2241 <u>Habeas</u> <u>Corpus</u> Petition should be dismissed for many reasons.
>
> This matter is <u>res</u> <u>judicata</u>. It has been presented to the proper court and a ruling has been had. Petitioner may not raise this issue before another court.

> Petitioner recognizes that as he raises a sentencing issue, [section] 2241 is not a proper vehicle to seek a remedy. Petitioner, however, attempts to invoke the argument that a [section] 2255 Petition would be inadequate. That exception is not available to petitioner. U.S. ex rel. Perez v. Warden, FMC Rochester, 286 F.3d 1059 (8th Cir. 2002).
>
> Petitioner has no remedy under any statute. As petitioner candidly admits, petitioner seeks relief by retroactive application of United States v. Booker, 543 U.S. 220 ... (2005) and Apprendi v. New Jersey, 530 U.S. 466 ... (2000). These decisions are not applicable retroactively. Perez, supra. See also Ross v. Outlaw, 2008 WL 2668954 (E.D.Ark.) where Judge Cavaneau applied the principles of Perez to facts almost identical to those of petitioner's case.

See Document 12 at 3-4.

Before giving serious consideration to Outlaw's answer, the Court invited Contreras to submit a response. He declined the invitation when he submitted nothing.

The Court has now carefully reviewed the parties' pleadings and exhibits. On the basis of that review, the Court makes the following disposition of Contreras' petition.

ANALYSIS. There are many issues that could be addressed in making a disposition of Contreras' petition, e.g., has he already filed a petition pursuant to 28 U.S.C. 2255; if not, can he now file one; if he already has, is that procedure now inadequate or ineffective. It is not necessary, though, to address those issues because the critical issue–should his sentence be reduced pursuant to Amendment 709–has been decided by the Court of Appeals and that decision is, as Outlaw correctly maintains, res judicata.

Res judicata, or claim preclusion, provides that a final judgment on the merits in a prior proceeding bars a subsequent proceeding involving the same parties or their privies based on the same cause of action. See Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979). It requires the Court to consider the following elements: (1) whether the prior judgment was rendered by a court of competent jurisdiction, (2) whether the prior judgment was a final judgment on the merits, and (3) whether the same claims and the same parties or their privies are involved in both proceedings. See Lane v. Peterson, 899 F.2d 737 (8th Cir.), cert. denied, 498 U.S. 823 (1990).

Having reviewed the record, it is clear that the elements of res judicata are present in the proceeding at bar. First, the prior judgment was the one entered by the United States District Court for the Northern District of Texas and affirmed by the Court of Appeals in the proceeding Contreras commenced to modify his sentence pursuant to 18 U.S.C. 3582(c). Without question, those courts are courts of competent jurisdiction.

Second, in the prior proceeding, Contreras maintained that his sentence should be reduced pursuant to Amendment 709. He maintained that Amendment 709 would lower his Sentencing Guidelines range; that the trial court judge should reconsider the Sentencing Guidelines range in light of United States v. Booker and the 18 U.S.C. 3553(a) factors; and that Amendment 709 should be applied retroactively. The prior proceeding addressed those issues and included a final judgment on the merits.

Third, Contreras was the sole petitioner in the prior proceeding and is the sole petitioner in the proceeding at bar. Although the named respondents in the two proceedings are different–the United States of America was the named respondent in the prior proceeding and Outlaw is the named respondent in the proceeding at bar–they are nevertheless in privy with one another. The same claim and accompanying assertions are involved in both proceedings: pared to their essence, the claims involve Contreras' attempt to have his sentence reduced pursuant to Amendment 709. Thus, the same claim and the same parties or their privies are involved in both proceedings.

For these reasons, the elements of res judicata are present in the proceeding at bar. It is pointless for the Court to consider the claim at bar further because it has already been decided by not one but two courts of competent jurisdiction. Accordingly, Contreras' petition must be dismissed.

CONCLUSION. Contreras is attempting to re-litigate a claim already decided. For that reason, the claim is barred by res judicata. His petition is dismissed, and all requested relief is denied. Judgment will be entered for Outlaw.

IT IS SO ORDERED this ___14___ day of December, 2009.

_____
UNITED STATES MAGISTRATE JUDGE